Willum G. Hecht, Jr., J.
This is an application by plaintiffs’ attorneys for an allowance of counsel fees and expenses, payable by defendant corporation, for the successful prosecution of this action.
As the result of the efforts of plaintiffs’ counsel, the corporation’s attempt to terminate all outstanding proprietary leases and replace them with new leases, providing that each lessee’s *407 share of the maintenance charges would be determined by the board of directors, has been held unlawful. The Appellate Division (12 A D 2d 455) declared that “ the termination right may not be used as a device, as was done here, to require nonconsenting lessees, such as plaintiff, to accept new leases calling for the payment of more rent than was provided for in the original leases ”.
Although the immediate effect of this determination was to benefit only some of the stockholders, because others would have had their maintenance charges reduced slightly had plaintiffs’ counsel failed in their attack upon the attempt to replace the outstanding leases, the long-run effect of plaintiffs’ success was to benefit each and every stockholder of the corporation substantially, by preserving the integrity of the outstanding leases and protecting each stockholder against the possibility that his share of the maintenance charges might be changed at any time in the future by the arbitrary action of the board of directors. This benefit far outweighed the small immediate advantage some of the stockholders stood to gain had plaintiffs’ action been dismissed. In a broad sense it may even be said that the corporation itself received a benefit from the frustration of the attempt to violate the rights of the corporate stockholders under their proprietary leases. Thus, in Abrams v. Textile Realty Corp. (97 N. Y. S. 2d 492) it was held that an injunction against the commission by the corporation of ultra vires acts was to be deemed a benefit to the corporation even though the acts enjoined might have been financially beneficial to the corporation.
It is true that this action was brought as a “ class action ” and not as a derivative one.
Mr. Justice Epstein so held in denying defendant’s application to require plaintiffs to furnish security. Nevertheless, each and every stockholder of defendant has been benefited by the determination, as has defendant itself. In these circumstances, no useful purpose would be served by compelling plaintiffs to bring an action against each, and every stockholder for the purpose of charging the stockholders equally with the reasonable value of the services of plaintiffs’ counsel. This would constitute unnecessary circumlocution. In at least one of the cases cited by plaintiffs, an allowance payable by the corporation was held proper in a nonderivative action (Matter of Allen v. Chase Nat. Bank, 180 Misc. 259). The court said (p. 265): “The litigation has benefited all of the stockholders equally. The restriction against their right to vote has been removed and the full power to control the affairs of the company is now vested in them.” (See, also, Murray v. Kelly, 14 A D 2d 528.)
*408 The evaluation of the financial benefit to the stockholders resulting from the successful prosecution of this action is extremely difficult. The determination not only gave the present stockholders protection against arbitrary changes in the allocation of maintenance charges by the board of directors, but also enhanced the marketability of their stock, for prospective purchasers would be apt to pay less or even not buy at all if their share of the maintenance charges could be arbitrarily changed by the board of directors from time to time.
The affidavit of Dorothy L. Anthony submitted in opposition to the motion fails to establish that the marketability of the stock was not adversely affected. The prices realized might have been higher but for the changed terms of the leases.
Plaintiffs’ counsel request an allowance of $57,500 plus disbursements of $705.54. In the court’s opinion this amount is greatly excessive in relation to the benefits received from their efforts.
The court has taken into consideration the long and strenuous fight which counsel had to wage through this court and both appellate courts in order to obtain a final determination in favor of plaintiffs. Nevertheless, the chief consideration in fixing the allowance must be the benefits received by the stockholders. The motion is granted to the extent of awarding an allowance of $20,000 plus the requested disbursements. .